Defendant-appellant appeals from the September 2, 1997, Judgment Entry of the Licking County Court of Common Pleas adjudicating him a sexual predator as defined in R.C.2950.01(E). Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 13, 1997, appellant, after waiving prosecution by indictment and proceeding by way of Bill of Information entered a plea of guilty to one count of gross sexual imposition in violation of R.C. 2907.05. The Bill of Information, which was filed the same date, alleged that appellant, on or about May 16, 1997, had had sexual contact with Loranna Lee Scott, who was less than thirteen years of age. The victim, appellant's stepdaughter, was six years old at the time of the incident.[1] R.C. Sections 2950.04, .05, .06, .07, .08, .10, .11 in their current form became effective on July 1, 1997. These code sections deal with the registration and notification requirements applicable to sex offenders. R.C. 2950.09, which sets forth the factors for the court to use in determining if someone is to be classified as a sexual predator, became effective on January 1, 1997.
A hearing to determine appellant's status as a sexual predator, also known as a H.B. 180 hearing, was scheduled for August 27, 1997, in conjunction with appellant's sentencing. Appellant, prior to the hearing, was granted leave to withdraw his previously entered guilty plea and to enter an Alford guilty plea to the charge of gross sexual imposition. Prior to the hearing, appellant also moved the trial court to determine that R.C. Chapter 2950, Ohio's Version of Megan's Law, was unconstitutional as applied to him since it was being applied in a retroactive manner. The court overruled appellant's motion.
At the hearing, two (2) witnesses testified on behalf of the State. The first witness, Kelly Martin, a probation officer for the Licking County Common Pleas Court, who co-leads a sexual offender treatment program, testified that after reviewing the material supplied to him by the Licking County Prosecutor's Office, he determined that appellant was a sexual predator. Miller based his conclusion on the age of the victim, the fact that attempted sexual intercourse was alleged in the case, the intrusiveness of the crime on the victim and allegations that appellant had engaged in other sexual activity involving young victims. The second witness testified as to her suspicions that appellant, while babysitting her young daughters, had sexually molested them. Since no charges were ever filed and due to the hearsay nature of allegations, the court found her testimony to be unreliable ad unusable.
At the conclusion of the hearing, the trial court sentenced appellant to four (4) years in prison. The court, however, took the matter as to whether or not appellant was a sexual predator under advisement. Judgment Entries memoralizing appellant's plea and sentence were filed on August 27, 1997, and August 29, 1997.
Pursuant to a Judgment Entry filed on September 2, 1997, the trial court adjudicated appellant a sexual predator. It is from this Judgment Entry appellant prosecutes this appeal, raising the following assignments of error:
APPELLANT'S FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THE DEFENDANT-APPELLANT A SEXUAL PREDATOR WHEN THE STATUTE AUTHORIZING SUCH A CLASSIFICATION IS UNCONSTITUTIONALLY VAGUE.
APPELLANT'S SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN REQUIRING THE DEFENDANT-APPELLANT TO COMPLY WITH THE REGISTRATION REQUIREMENTS OF OHIO REVISED CODE SECTION 2950.04, WHEN THE STATUTE AUTHORIZING SUCH A REGISTRATION IS A RETROACTIVE ENACTMENT OF AN ADDITIONAL CRIMINAL OBLIGATION AND, THUS, UNCONSTITUTIONAL UNDER THE OHIO CONSTITUTION.
 APPELLANT'S THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING, BASED ON THE EVIDENCE PRESENTED AT THE SEXUAL PREDATOR HEARING, THAT THE DEFENDANT-APPELLANT WAS A SEXUAL PREDATOR.
 I and II
Appellant's first and second Assignments of Error are overruled on the authority of State V Nosic (February 1, 1999), Stark App. No. 1997CA000248, unreported, and State v. Bair
(February 1, 1999), Stark App. No. 1997CA00232, unreported.
Appellant's second Assignment of Error is also overruled based on the reasoning set forth in State v. Cook (1998),83 Ohio St.3d 404, 413, 414. The Ohio Supreme Court stated, ". . . we find that the registration and verification provisions are remedial in nature and do not violate the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution." The Ohio Supreme Court also found that the "notification provisions of R.C. Chapter 2950 do not violate the prohibition in Section 28, Article II against retroactive laws."
 III
In his third Assignment of Error, appellant argues that the trial court committed harmful error in adjudicating him a sexual predator.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co.v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence
R.C. 2950.01(E) defines a "sexual predator"as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The trial court considered the above factors in determining whether or not appellant was a sexual predator. The court, in its September 2, 1997, Judgment Entry specifically stated:
 "The testimony presented indicated that the defendant was the stepfather of the six-year old victim and was therefore, much older. The defendant does have a prior criminal record but none of the prior convictions involve sexual offenses. The instant offense did not involve multiple victims. No drugs or alcohol were used to facilitate the offenses or prevent resistance but the defendant did use his influence as a "father figure" to commit the act. No testimony was presented that the defendant had participated in the past in a sexual offender program nor was there any evidence of a mental illness or a mental disability of the defendant. No reliable evidence was presented that the sexual conduct was part of a demonstrated pattern of abuse. There was no evidence presented that the defendant made threats of harm or cruelty to the victim.
 The standard of proof is "by clear and convincing evidence" R.C. 2950.09(B)(3). This Court finds by clear and convincing evidence that the defendant, Neil Patrick Scanlon, is a sexual predator. The Court is convinced by the testimony of Kelly Miller and his professional opinion. The intrusiveness of the offense as it relates to this six-year old victim and the fact that the defendant abused his position as the "father figure" in the home to facilitate the offense, leads this Court to believe that, given the same or similar circumstances in the future the defendant would likely engage in similar, illegal sexually oriented offenses. This determination is being made pursuant to R.C. 2950.09(B)."
The young age of the victim, appellant's relationship to the victim and his manipulation of the same, and the intrusiveness of the offense on the victim, all mitigate in favor of the trial court's decision. That the offense was intrusive is evidenced by the fact that appellant tried to insert his penis into the vagina of his six (6) year old stepdaughter. Accordingly, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent credible evidence to support the trial court's findings. We further find that the evidence presented and the findings made by the trial court support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that said finding is not against the manifest weight of the evidence.
Appellant's third assignment of error is overruled.
The Judgment Entry of the Licking County Court of Common Pleas is affirmed.
By Edwards, J., Hoffman, Wm. concurs separately
Wise, J. concurs
---------------------
---------------------
 --------------------- JUDGES
[1] Upon appellant entering a guilty plea, the prosecutor orally moved that the charge of rape in case number 97-CR-0170 be dismissed. The trial court granted the oral motion.